**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  19-CR-478 DMS |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)** |
| YVETTE MONIQUE AVILA | |
| Defendant. | |

On July 23, 2020, Defendant Yvette Monique Avila, proceeding *pro se*, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1]  (ECF No. 51.)  The United States filed a response in opposition.  (ECF No. 53.)  For the following reasons, Defendant's motion is denied.

**I.**

**BACKGROUND**

On January 19, 2019, Defendant Yvette Monique Avila ("Defendant") was arrested by Border Patrol agents near Otay Mesa, California, for smuggling three undocumented

---

[1] Defendant sent a letter to the Court describing the spread of Covid-19 in her facility and stated, "I am begging your Honor for a [Compassionate] release."  (Def's Mot. (ECF No. 51) at 1.)  Because *pro se* pleadings must be construed liberally, the Court interprets Defendant's letter as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[C]ourts must construe pro se pleadings liberally.")

19-CR-478 DMS

individuals who were attempting to further their illegal entry into the United States.  (Pre-Sentence Report ("PSR") at ¶¶ 3–9.)  Defendant's prior criminal history is extensive and includes a previous conviction for alien smuggling.  (*Id.* at ¶¶ 32–51; No. 18-CR-0509-DMS.)  On March 19, 2019, Defendant pleaded guilty to transportation of certain aliens for financial gain, and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(II), and (a)(1)(B)(1).  (ECF No. 38.)  On July 12, 2019, the Court sentenced Defendant to 24 months of imprisonment, followed by two years of supervised release.  (Judgment, ECF No. 49.)  Because of this conviction, Defendant appeared in a revocation proceeding before this Court in case number 18-CR-509, for which the Court imposed 21 months custody, with 3 months running consecutively to the 24 months imposed in the present case.  (*Id.*)

Defendant has now served approximately 19 months in custody and is currently incarcerated at the Federal Medical Center ("FMC") Carswell, a federal prison for female inmates.  (Def's Mot. (ECF No. 51) at 1.)  As of July 21, 2020, more than 500 women at FMC Carswell have contracted the Coronavirus disease ("Covid-19").  *See Covid-19 Outbreak Reported at Texas Federal Medical Prison,* ASSOCIATED PRESS, (July 21, 2020), https://apnews.com/75ff063727b179fd176a34d10886fc69.  At the time Defendant filed her motion, she was currently awaiting the results from a Covid-19 test,  (Def's Mot. at 1), but the United States notes Defendant has since recovered from Covid-19, as of August 5, 2020.  (Opp'n, ECF No. 53, at 5.)  As a result of the spread of Covid-19 in FMC Carswell, Defendant filed the present motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  The United States opposes Defendant's motion.

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure.  *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).  The First Step Act ("FSA") is such a statute.  *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018).  Among the

criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow the defendant to move the district court for compassionate release after exhausting the Bureau of Prison ("BOP") process.

Section 3582(c) of Title 18 of the United States Code provides that a court may not modify a term of imprisonment except "upon motion of Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted). Thereafter, the Court may consider the applicable standards set forth in § 3553(a) and determine whether "extraordinary and compelling reasons" warrant a sentence reduction consistent with "applicable policy statements issued by the Sentencing Commission."

Here, there is no indication that Defendant previously petitioned the BOP for compassionate release. Accordingly, the United States argues Defendant's motion must be denied for failure to exhaust her administrative remedies before filing the present motion. (Opp'n at 10.) The Court agrees with the United States.

District courts across the country have grappled with the question of whether the First Step Act's administrative exhaustion requirement is jurisdictional, non-jurisdictional and excusable, or mandatory. If the exhaustion requirement at issue is jurisdictional and not satisfied, courts are barred from addressing the merits. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994) (noting jurisdictional statutory preconditions "speak to the power of the court rather than to the rights or obligations of the parties.") If the exhaustion requirement is not jurisdictional, courts may excuse noncompliance. *See, e.g.*, *United States v. Perez*, --- F. Supp. 3d ---, 2020 WL 1450745, at *1 (S.D.N.Y Apr. 1, 2020)

19-CR-478 DMS

(waiving exhaustion requirement as futile because inmate had less than 21 days left on his sentence).   While some courts have concluded the exhaustion requirement is both mandatory and jurisdictional, notwithstanding the Covid-19 crisis, *see, e.g.*, *United States v. Rojas*, No. 17-CR-337 (LAB) (S.D. Cal. May 6, 2020) (stating exhaustion requirement is mandatory and jurisdictional and denying defendant's motion for failure to exhaust administrative remedies), this Court need not reach the jurisdictional question.  Even if the exhaustion requirement is non-jurisdictional, it is mandatory and precludes the Court from modifying Defendant's sentence.  *See* 18 U.S.C. § 3582(c)(1)(a) ("The court may not modify a term of imprisonment once it has been imposed [unless] the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request . . . .").  The statutory language is clear and unambiguous.  *See United States v. Lugo*, No. 2:19-cr-0056, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020) (discussing cases and finding "the language of section 3582(c)… clear and mandatory.").

Here, Defendant has not petitioned the BOP for the relief she seeks from the Court, let alone waited 30 days after BOP received such a request.  Accordingly, Defendant must file a request with BOP, and wait 30 days from the receipt of such a request, before the Court can address her motion.  *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (noting mandatory statutory exhaustion "foreclose[es] judicial discretion.")

### III.

### CONCLUSION AND ORDER

For these reasons, Defendant's motion is respectfully denied.

**IT IS SO ORDERED.**

Dated:  September 8, 2020

Hon. Dana M. Sabraw
United States District Judge